IN THE SUPREME COURT OF THE STATE OF DELAWARE

KHLOE RYAN-COLLINS,[1] § 
§ No. 456, 2025
Respondent Below, §
Appellant, § Court Below—Family Court
§ of the State of Delaware
v. §
§ File No. CN25-03032
EMMA BROWN, § Petition No. 25-12892
§
Petitioner Below, §
Appellee. §

Submitted: June 16, 2026
Decided: July 17, 2026

Before **SEITZ**, Chief Justice; **TRAYNOR** and **LEGROW**, Justices.

## **ORDER**

Upon consideration of the parties' briefs, the record on appeal, and the notice to show cause, it appears to the Court that:

(1)　Khloe Ryan-Collins ("Mother") filed this appeal from a Family Court order, dated October 31, 2025, granting Emma Brown's ("Maternal Great Aunt") petition for guardianship of Mother's child ("the Child") after Mother failed to appear for the case management conference. On appeal, Mother argues that she did not receive notice of the guardianship proceeding because Maternal Great Aunt knowingly provided an incorrect address for Mother. Mother also refers to another

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

Family Court order, dated November 25, 2025, granting temporary guardianship of the Child to her mother ("Maternal Grandmother").[2]

(2) The November 25, 2025 order reflects that Maternal Grandmother moved for guardianship of the Child (and another child of Mother) shortly after the Maternal Great Aunt was granted guardianship of the Child. The new guardianship proceeding was administratively transferred from New Castle County to a Kent County Family Court judge. During the emergency hearing on the Maternal Grandmother's petition, there was testimony that Maternal Grandmother and Maternal Great Aunt had shared responsibility for the Child. Mother and the Child's father supported Maternal Grandmother having guardianship of the Child. Maternal Great Aunt admitted that she did not tell Mother or Maternal Grandmother that she sought guardianship of the Child. After considering the best-interest factors, the Kent County Family Court judge found that Maternal Grandmother should have temporary guardianship of the Child until final resolution of her guardianship petition. The matter was returned to New Castle County.

(3) On May 5, 2026, the New Castle County Family Court judge who issued the October 31, 2025 order on appeal, granted Maternal Grandmother's petition for guardianship of the Child. The May 5, 2026 order reflects that both

---

[2] We take judicial notice of the dockets in File Nos. CK2502774 & CK25-02348, Petition Nos. 25-25261 & 25-18641.

2

parents supported Maternal Grandmother's petition and that Maternal Great Aunt no longer sought guardianship of the Child. Based on the parents' consent to the Maternal Grandmother's guardianship, the Family Court found that this appeal was moot and directed Mother to notify this Court that the guardianship proceedings had resolved.

(4) Mother did not contact the Court. On May 14, 2026, the Court issued a notice, by certified mail, directing Mother to show cause why this appeal should not be dismissed in light of the Family Court's May 5, 2026 order. The notice was returned as unclaimed and unable to forward. On June 1, 2026, the notice was re-sent by first class mail. A timely response to the notice to show cause was due by June 15, 2026. To date, the appellant has not responded to the notice to show cause. This appeal is moot, and dismissal is deemed to be unopposed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 3(b)(2) and 29(b), that this appeal be DISMISSED.

BY THE COURT:

/s/ Gary F. Traynor
Justice

3